UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA GREEN                                                                                    PLAINTIFF

v.                                          Case No. 2:18-cv-2170

WEST FOODS, INC.                                                                                 DEFENDANT

## OPINION AND ORDER

Before the Court are a joint motion (Doc. 27) to approve the parties' settlement agreement and dismiss Plaintiff's Fair Labor Standards Act and Arkansas Minimum Wage Act claims and a brief (Doc. 28) in support of the motion. The parties have also submitted by email a declaration of Josh Sanford and billing records of the Sanford Law Firm, PLLC for the Court's review.

This case is an individual claim by Cynthia Green ("Green") against West Foods, LLC ("West Foods") for violation of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). Green worked at a Subway restaurant owned by West Foods from January 2018 until September 2018. Green contends that she was regularly required to work in excess of forty hours per week and she received no overtime compensation for the additional hours she worked. The parties engaged in minimal discovery, but Green indicates there was sufficient information to analyze her overtime claim and negotiate a settlement. The joint motion represents the agreement is a fair and reasonable compromise of a bona fide dispute and is not the result of overreaching by West Foods.

A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 769 F.3d 1350, 1353 n.8 (11th Cir. 1982). There is little question this case

1

involves a bona dispute.  Green contends she regularly arrived for work at 7 a.m. but could not clock in until 10 a.m. or 11 a.m.  Additionally, Green contends she was required to work even after she clocked out.  Green alleges that she received no overtime compensation for these off-the-clock hours she worked.  West Foods argues in opposition that Green is entitled to no additional compensation, and contends she was paid for all hours that she worked.  The Court finds this case involves a bona fide dispute.

The Court also finds the settlement agreement is a fair and equitable compromise of that dispute.  Under the terms of the agreement, Green will receive a total sum of $4,660.00—which includes $2,330.00 in unpaid wages and $2,330.00 in liquidated damages.  The brief represents this amount of unpaid wages is approximately 70% of the total overtime wages Green claims that she worked for which she was not paid.  The Court finds this a fair and equitable settlement amount with respect to unpaid wages.  The agreement is clear that Green waives only wage-related FLSA or AMWA claims as part of the settlement.  Finally, the agreement provides that Green's counsel will receive $3,940.00 in attorney's fees.  The parties provide billing records in support of the agreed fee.  A reasonable rate is requested and, in light of the relief this settlement affords to Green, the Court finds the agreed fee does not give rise to a suspicion of collusion.  This settlement appears to be the result of an arms-length negotiation between the parties based on the merits of the case.  The settlement agreement will be approved in its entirety.

IT IS THEREFORE ORDERED that the parties' joint motion to dismiss (Doc. 27) is GRANTED and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 17th day of October, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE